310 July 30, 2025 No. 683

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KEEANDRE JUAN SCOTT,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CV24521; A185084

J. Burdette Pratt, Senior Judge.

Submitted June 13, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In the underlying criminal case, petitioner pleaded guilty to second-degree assault for a stabbing. He was sentenced to an agreed 70 months' imprisonment, under Ballot Measure 11. The state dismissed additional charges including attempted murder, first-degree theft, and unlawful use of a weapon.

In the post-conviction court, petitioner argued that trial counsel had been ineffective in failing to advise petitioner about self-defense; to advise about or challenge the "legality of the evidence presented" to the grand jury; and to advise petitioner about the change in the law requiring felony juries to be unanimous for guilty verdicts. He also made a stand-alone claim that his federal rights to due process, a fair trial, and to indictment by a grand jury had been violated. Petitioner supported his claims with his own affidavit. The superintendent provided declarations from the prosecutor and from trial counsel.

The post-conviction court credited trial counsel's testimony that she had "thoroughly advised Petitioner regarding the law on self-defense" multiple times, that she advised every client post-*Ramos* that they could be convicted only by a unanimous jury, and that she believed that the state's evidence had been "overwhelmingly strong." The post-conviction court likewise credited the prosecutor's recollection that she had a compelling case considering the evidence that petitioner "was on scene when police arrived, he was immediately identified by the victim, he had a firearm belonging to the victim on his person, as well as a knife, which was still bloody and had a piece of flesh on the blade." The post-conviction court also found petitioner's testimony not credible. The court also concluded that it was

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

not deficient performance for his trial attorney to not move against the indictment, nor did the indictment violate petitioner's federal constitutional rights. The court likewise concluded that petitioner had not proved prejudice. The post-conviction court denied relief.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.